NEWMAN, Circuit Judge,
dissenting.
Let us be clear as to the issue on this appeal. The tax refund claimed by Chrysler is the amount that Customs’ tax records show was paid by Chrysler as export tax. This is not a case of a taxpayer claiming a refund it cannot substantiate. Customs’ regular business records show that Chrysler paid export taxes totaling $782,407.45 for exports before July 1, 1990. Each separate payment and amount during this period is shown on the Customs record, and is covered by the refund order for the unconstitutional tax. These are the tax payments that Customs now refuses to refund, on the ground that the Customs database may contain errors. These are the refusals of refund that my *1339 colleagues sustain, although no errors have been shown or suggested in any Chrysler record.
Customs destroyed the original tax payment documents for the period before July 1, 1990. Thus Customs takes the position that because it can no longer double-check the correctness of its business records for the period before July 1, 1990, it need make no refund of any tax payments shown on its records as received from Chrysler for export tax, unless Chrysler independently proves, by copies of the original documentation sent to Customs, that the tax was paid as the Customs records say it was paid.
Chrysler, like Customs, has not retained its original tax documents for the pre-1990 years. However, the Customs permanent records show each payment received from Chrysler, identify the purpose of each payment, state whether it was for the tax on exports or another purpose for which Customs collects taxes, such as for imports and entry into free trade zones. All of the payments were entered, in accordance with Customs’ standard procedure, on its Automated Commercial System database. Customs does not dispute that its records show the actual payment of taxes in these amounts by Chrysler, and does not state that any error was ever found in any recorded amount received from Chrysler, upon checking Customs’ records for the periods for which Customs had not destroyed the original documents.
The Customs electronic records were prepared from the original tax documents at the time those taxes were paid, in the ordinary course of business. As my colleagues on this panel explain, Customs processed its collections through the First Chicago Bank, which recorded on a daily basis all Harbor Maintenance Tax payments, including the remitter’s name and address, the type and amount of payment, and the deposit date. These data were transmitted nightly to the Automated Commercial System database of the Customs Service, and the next day the bank would send Customs the original documents for the previous day’s entries in the database. The Chrysler payments here at issue were processed in accordance with this procedure. The database shows each tax payment received from Chrysler, its date, amount, and purpose.
Customs does not state that any error was ever found in any record of any payment by Chrysler, including payments for periods for which Customs still has the original documents. Customs does not argue that anything about Chrysler’s records shows susceptibility to the kinds of errors that Customs has identified for some other payors, such as a failure to record whether the payment was for exports or some other purpose, or failure to separate its payments as to separate exporters. Customs does not state that it has any reason to believe the records in its database pertaining to Chrysler contain errors, or record taxes that were not paid.
My colleagues nonetheless attribute a “failure of documentation” to Chrysler, and hold that Chrysler cannot recover its payments for the pre-1990 period. I emphasize that this is not a case in which Chrysler is claiming a refund for which the amount or entitlement is in dispute. At issue are taxes that the government’s official record shows were paid and received. The presumption of correctness of official records applies to the government as well as the governed. See VWP of Am., Inc. v. United States, 175 F.3d 1327, 1342 (Fed. Cir.1999) (government records are taken as definitive unless the government can produce some evidence that they are incorrect). Whatever errors may exist in Customs’ records, there is no suggestion that the payments that the official record states were made by Chrysler were erroneously entered.
*1340 If the government seeks to invoke its own record-keeping error as the ground for refusing Chrysler’s refund, it must provide some reasonable basis for doing so. Customs does not argue that an erroneous recordation methodology universally infected all of its processing of export tax receipts. We are offered no rational basis for Customs’ refusal to refund any of the export tax that its own records show was paid by Chrysler. Although the court ratifies Customs’ action on a theory of regulatory “deference,” impropriety does not warrant deference.
This seriously improper result requires judicial attention, for by refusing to credit any of its own official records made before July 1, 1990, the government retains for itself the entirety of the tax that was improperly collected from Chrysler. From my colleagues’ contrary ruling, I respectfully dissent.